**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J. PATRICK LINDSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-0700 |
| | § | |
| DYNCORP INTERNATIONAL LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The defendant, DynCorp International LLC, moves for a more definite statement under Federal Rules of Civil Procedure 12(e) and 9(b) or, alternatively, to dismiss under Rule 12(b)(6). (Docket Entry No. 11). DynCorp asks this court to order the plaintiff, J. Patrick Lindsey, to replead his First Amended Complaint to state with particularity his allegations relating to oral misrepresentations and to identify the documents he asserts contained written misrepresentations. Lindsey has responded, arguing that the First Amended Complaint is sufficient satisfies DynCorp's previous objections as to lack of particularity in Lindsey's original complaint.[1] Lindsey contends that the claims in the First Amended Complaint "are sufficiently pled to provide defendant with reasonable notice under the pleading requirements of the Federal Rules of Civil Procedure, and specifically Federal Rule 9(b)." (Docket Entry No. 12).

In the First Amended Complaint, Lindsey alleges that through "misrepresentations of fact," DynCorp "committed common law fraud and deceit under the laws of the State of Texas" by

---

[1] DynCorp filed a motion under Rule 12(e) asking this court to order Lindsey to replead his original complaint to state his fraud-related allegations with particularity. (Docket Entry No. 6). Lindsey filed the First Amended Complaint before this court ruled on that motion. (Docket Entry No. 10). DynCorp's motion for a more definite statement of the original complaint is denied as moot.

"persuad[ing] and entic[ing] Lindsey to resign from his prior employment and to commence employment with [DynCorp]." (Docket Entry No. 10 ¶ 2). Lindsey alleges that DynCorp "made false or misleading statements of fact concerning the nature of the job offered Lindsey, the terms and conditions of the job and the remuneration for it." (*Id.* ¶ 3). Lindsey contends that these misleading statements included misrepresentations about the rates and timing of pay and the availability of "certain benefits," "certain rights of departure from the job location," and "certain supplemental payments for additional services." (*Id.* ¶ 4). According to Lindsey, some of these representations were made in "written documents, including contracts or purported contracts of employment . . . furnished to [Lindsey] by persons with authority or apparent authority in DynCorp's offices in Fort Worth, Texas," "on or about January 13, 2007." (*Id.* ¶ 5).

A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). A party may rely on Rule 12(e) to challenge the sufficiency of a pleading under Rule 9(b). *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 at 330-31 (2d ed.1990)) ("Even though Rule 9 itself contains no mechanism for enforcing its terms, numerous cases make it clear that the common practice has been to use a motion under Rule 12(e) for that purpose."); *see also Cates v. Int'l Tel. & Tel. Corp.,* 756 F.2d 1161, 1180 (5th Cir.1985) (stating that pleadings deficient under Rule 9(b) "were doubtless subject to motions for a more definite statement under Fed.R.Civ.P. 12(e) [.]"). When a party invokes Rule 12(e) to challenge a complaint's compliance with Rule 9(b), it necessarily asks the court to order the plaintiff to replead rather dismiss the fraud claim. When a party seeks dismissal, rather than a more definite statement, for failure to plead fraud with particularity, a Rule 12(b)(6) motion is a proper procedural

mechanism. *See, e.g., Coates v. Heartland Wireless Commnc'ns, Inc.,* 55 F.Supp.2d 628, 633 n. 4 (N.D. Tex.1999)("Although defendants do not identify in their motion the rule on which they rely to seek dismissal, their motion should be treated as a motion to dismiss for failure to state a claim, regardless whether it is based on Rule 9(b), Rule 12(b) (6), or both." (citing *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 520 (5th Cir.1993) (holding that "[a] dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim."))).

Rule 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b). A complaint alleging fraud must specify the " 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [the person] obtained thereby.'" *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992)). "This Circuit's precedent interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). "Put simply, Rule 9(b) requires the complaint to set forth the 'who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). The requirements are analogous to "the first paragraph of a newspaper story, namely the who, what, when, where, and how." *Melder v. Morris,* 27 F.3d 1097, 1100 n. 5 (5th Cir.1994) (citing *DiLeo v. Ernst & Young,*

901 F.2d 624, 627 (7th Cir.1990)).  This Rule should be applied "with force, without apology." *Williams,* 112 F.3d at 178.

"'[T]he particularity demanded by Rule 9(b) differs with the facts of each case [.]' " *United States ex rel. Wilkins v. N. Am. Constr. Corp.,* 173 F.Supp.2d 601, 613 (S.D. Tex.2001) (quoting *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir.2000)); *see Williams,* 112 F.3d at 178 (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific.").  Rule 9(b) must be viewed in light of Rule 8(a)'s goal of "simple, concise, and direct" pleadings. *Williams,* 112 F.3d at 178 (quoting Rule 8(e)(1)).

In the First Amended Complaint, Lindsey alleges that DynCorp made fraudulent misrepresentations about the job he was offered, including how much he would be paid and how often, what benefits he would receive, and what rights of departure from the job location he would have.  The complaint states that the some of the misrepresentations were contained in "written documents, including contracts or purported contracts of employment furnished to [Lindsey]," but does not identify those documents or specify their contents.  The complaint alleges that misrepresentations were made by persons at DynCorp "with authority or apparent authority" but does not specify who these persons were.  The complaint does not explain what the representations were, who made them, or when and where the statements were made.  The allegations in the First Amended Complaint do not satisfy the "who, what, when, where, and how" standard required in this Circuit for pleadings under Rule 9(b).

To satisfy the requirements of Rule 9(b), Lindsey must specify each misrepresentation allegedly made by DynCorp, identify and describe each document that allegedly contained misrepresentations, and identify each DynCorp representative alleged to have made

misrepresentations. Lindsey must also explain why the alleged statements were misrepresentations, and identify the time and place in which they were made.

DynCorp's motion for a more definite statement under Rule 12(e) is granted. DynCorp's motion in the alternative for dismissal under Rule 12(b)(6) is denied. Lindsey must file an amended complaint that satisfies the pleading requirements of Rule 9(b) by **July 17, 2009**.

SIGNED on June 17, 2009, at Houston, Texas.

$\underline{\hspace{2cm}\textit{Lee H. Rosenthal}\hspace{2cm}}$
Lee H. Rosenthal
United States District Judge